**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STARR LASHAY ANDERSON,

Defendant-Appellant.

No. 07-6047
(D.C. No. CR-06-137-02-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **EBEL**, and **GORSUCH**, Circuit Judges.

Defendant Starr Lashay Anderson pled guilty to conspiracy to possess with intent to distribute, and to distribute fifty grams or more of crack cocaine and marijuana in violation of 21 U.S.C. § 846. Pursuant to the plea agreement, Ms. Anderson waived her right to

  a.  Appeal or collaterally challenge her guilty plea and any other aspect of her conviction, including but not limited to any rulings on

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pretrial suppression motions or any other pretrial dispositions of motions and issues;

b.        Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in [this agreement].

Mot. to Enforce, Attach. 1, at 6.  Ms. Anderson was sentenced to 135 months' imprisonment, which was within the applicable advisory guideline range for the offense of 135 to 168 months.

Despite this waiver, Ms. Anderson filed a notice of appeal challenging the district court judgment.  The government has filed a motion to enforce the appeal waiver in its plea agreement with Ms. Anderson.  In response, Ms. Anderson's attorney filed a response to the government's motion in which he indicated that Ms. Anderson's appeal waiver would be unenforceable provided that the court "[assumed] the validity of Ms. Anderson's assertions that she was coerced into entering into the plea agreement."  Resp. to Mot. for Enforcement of the Plea Agreement at 2.  Counsel then moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission

to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous).[1]

This court has given Ms. Anderson ample opportunity to file a pro se response to the motion to enforce. *See id.* To date, Ms. Anderson has not filed such a response.

Under *Anders*, we have conducted an independent review and examination of the motion to enforce. *See id.* This court will enforce a criminal defendant's waiver of her right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary; and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Ms. Anderson's counsel, and under *Hahn* we conclude that Ms. Anderson has waived her right to appeal. *See id.*

---

[1]    In the docketing statement counsel filed, he stated that he "feels this is a frivolous appeal that should not have been filed." Docketing Statement at 4.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, DISMISS the appeal, and DISMISS counsel's motion to withdraw as moot. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM